IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| ERROL DOUGLASS FULFORD-EL, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-10-0151 |
| JOHN S. WOLFE, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Errol Douglass Fulford-El sued Warden John S. Wolfe and Correctional Lieutenant Lincoln Peters (the "defendants") under 42 U.S.C. § 1983 for unconstitutional confinement conditions.[1] For the following reasons, Wolfe's motion to dismiss will be granted, and Peters's motion for summary judgment and Fulford-El's motion for appearance in court will be denied.

I.  Background[2]

From June 13 to 16, 2008, Fulford-El was placed on "suicide watch" in a Maryland Correctional Adjustment Center isolation cell. Compl. 1; Fulford-El Decl. ¶ 3.[3] The cell had a sink, toilet, and concrete bunk. Peters Decl. ¶ 3. An officer and inmate observer monitored him. *Id*.

Fulford-El was placed in a suicide smock and three-piece restraints, which consist of leg irons, a waist chain and handcuffs, and a black box that holds the waist chain. *Id.* The restraints

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

[2] In reviewing the motion for summary judgment, Fulford-El's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] Fulford-El asserts that he was not suicidal and was placed on suicide watch "for unknown reason[s]." Fulford-El Decl. ¶¶ 4, 6.

prevent an inmate from harming himself.  *Id.*  Fulford-El wore them while he slept and "tr[ied] to eat."  Fulford-El Decl. ¶¶ 4–5.  He lost sensation in his hands and feet, and suffered nerve damage.  *Id.* ¶ 5.

Peters has testified that a prisoner can "lift his arms about a foot," *id.*, and Fulford-El has testified that one "cannot raise his hands more than [one to two inches] from [his] waist," Fulford-El Decl. ¶ 4.  Peters has said that a prisoner who pushes up his smock can use the toilet without removing the restraints.  Peters Decl. ¶ 9.  Fulford-El has said that the restraints, which "immobiliz[e]" the inmate, must first be loosened.  Fulford-El Decl. ¶ 12.

On June 14, 2008, a flood required Fulford-El to leave his cell before he could eat dinner.  *Id.* ¶ 7.  When he returned, his food had been thrown away; it was not replaced.  *Id.*

On June 15 or 16, 2008, Fulford-El had an asthma attack.  *Id.* ¶ 11.  He was "de[nied his] asthma pump by Lt. Peters."  *Id.*

At 11:10 AM on June 15, 2008, Fulford-El requested the loosening of his restraints to use the bathroom.  *Id.* ¶ 12.  He asked again at 2:15, 2:30, and 2:45 AM on June 16, 2008, and Peters was informed.  *Id.* ¶¶ 13–15; ECF No. 18, Ex. 2 [hereinafter Cell Journal] at 2.

At 3:25 AM, Peters spoke to Fulford-El.  *Id.*  The parties dispute what was said and whether Fulford-El was soiled.  Fulford-El asserts that he asked Peters to loosen the restraints because he needed to use the bathroom.  Fulford-El Decl. ¶ 17.  Peters declined, explaining that Fulford-El would "refuse to put the . . . restraints back on."  *Id.*  After Fulford-El repeated his request, Peters replied, "Maybe after I make my rounds[;] I'm very busy."  *Id.*

Peters has testified that he asked Fulford-El if he wanted to use the bathroom, but Fulford-El "replied that it was too late."  Peters Decl. ¶ 6.  Peters "asked him in effect if he

2

wanted to be cleaned up," but Fulford-El "indicated" that he would remain soiled. *Id.*

At 4:00 AM, Peters responded to a fire alarm near Fulford-El's cell. *Id.* ¶ 7. Peters has said that Fulford-El "did not request to use the bathroom or be cleaned." Peters Decl. ¶ 7. Fulford-El has testified that he asked to use the bathroom, but Peters had replied that he had to "deal with" the alarm. Fulford-El Decl. ¶ 20. A monitoring officer noted that "Fulford[-El was] standing at his cell window asking about using the bathroom" at 4:15 AM. Cell Journal 3.

At 4:20 AM, Fulford-El soiled himself. Fulford-El Decl. ¶ 22. At 6:40 and 7:05 AM, he requested a shower. *Id.* ¶¶ 25–26; ECF No. 18, Ex. 3 [hereinafter Observer Journal] at 3. Within an hour, Fulford-El was "cleared" from suicide watch. Fulford-El Decl. ¶ 28; *see also* Observer Journal 4. At 8:00 AM, he was given food and a shower before returning to his standard cell. *Id.*

On January 21, 2010, Fulford-El filed a pro se complaint against Wolfe and Peters under 42 U.S.C. § 1983. On July 14, 2010, the defendants moved to dismiss or, in the alternative, for summary judgment. ECF No. 18. On October 15, 2010, Fulford-El responded, and moved for an "appearance in court" to show "how the restraints are use[d]." ECF Nos. 23, 24.[4]

II.   Analysis

   A.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. The Court should "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged,"

---

[4] The Clerk will identify ECF No. 24 on the docket as "Response in Opposition."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

If the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, it treats the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr*., *Inc*., 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

B. Confinement Condition Claims

Plaintiffs may bring a civil action to redress constitutional violations under 42 U.S.C. § 1983. The Eighth Amendment prohibits punishments that "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish that prison conditions violated the Eighth Amendment, the plaintiff must show: (1) an objectively "serious deprivation of a basic human need"; and (2) officials subjectively acted with "deliberate indifference" to the conditions. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). An official acts with deliberate indifference when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw[s] the inference." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

1. Wolfe's Motion to Dismiss or, in the Alternative, for Summary Judgment

To state a claim under § 1983, Fulford-El must allege that Wolfe: (1) "acted personally in the deprivation of [his] rights"; or (2) is culpable under supervisory liability. *Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Vinnedge v. Gibbs*, 550 F.2d 926, 929 (4th Cir. 1977).

Fulford-El has not alleged that Wolfe was personally involved in his suicide watch placement or confinement conditions. *See id.* Fulford-El has not alleged supervisory liability because he does not allege that: (1) Wolfe had actual or constructive knowledge that a subordinate was engaged in conduct that posed a risk of "constitutional injury"; (2) Wolfe's response to that knowledge showed "deliberate indifference" or "tacit authorization"; or (3) Wolfe's inaction caused Fulford-El's constitutional injury. *See Shaw*, 13 F.3d at 799. Accordingly, Wolfe's motion to dismiss must be granted.

2. Peters's Motion to Dismiss or, in the Alternative, for Summary Judgment

  a. Denial of Asthma Pump

To establish an Eighth Amendment claim for the denial of medical care, a plaintiff must demonstrate that the defendant's act or omission was a "deliberate indifference to [a] serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Fulford-El asserts that on June 15 or 16, 2008, he "had an asthma attack and was denied [his] asthma pump by Lt. Peters." Fulford-El Decl. ¶ 11. An asthma attack may "amount to a sufficiently serious" condition "depending on its acuteness." *Harris v. Anderson*, No. 2:07-CV-1862009, 2009 WL 1850446, at *4 (E.D. Tenn. 2009).[5] Fulford-El has not alleged the intensity of the attack. Had it been a "serious medical need," there is no evidence that Peters knew about it or disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 838; Fulford-El Decl. ¶ 11 (asserting only that Peters denied his asthma pump).

  b. Denial of Bathroom Use

The "deprivation of [use of a] bathroom . . . that creates a risk of particular discomfort and humiliation" may be cruel and unusual punishment. *Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002).[6] An inmate whose bathroom use requests are ignored and who is forced to sit in his waste has an Eighth Amendment claim. *Mitchell v. Newryder*, 245 F. Supp. 2d 200, 204 (D. Me. 2003).

---

[5] *See also Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005) ("[A]sthma can be . . . a serious medical condition, depending on the severity of the attacks.").

[6] *See, e.g.*, *Hope*, 536 U.S. at 738 (prisoner subjected to cruel and unusual punishment because, *inter alia*, he was "depriv[ed] of bathroom breaks" while handcuffed to a hitching post); *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (Eighth Amendment violation when prisoner was placed outdoors without "bathroom facilities").

Fulford-El asserts that for five hours he requested the loosening of his restraints to use the bathroom, but Peters refused to comply. *See* Fulford-El Decl. ¶¶ 12–22. Fulford-El soiled himself and could not shower for four hours. *See* Observer Journal 4. Peters (1) asserts that Fulford-El was able to use the toilet without removing the restraints, and (2) denies that Fulford-El asked him to use the bathroom. *See* Peters Decl. ¶¶ 6–7, 9.

There is a genuine issue of material fact. A reasonable jury could find that Peters (1) "serious[ly] depriv[ed]" Fulford-El of a "basic human need" by refusing to loosen his restraints to use the bathroom, and (2) did so with "deliberate indifference." *Strickler*, 989 F.2d at 1379; *see, e.g.*, Cell Journal 3 (Fulford-El continued to request use of the bathroom after speaking to Peters); Fulford-El Decl. ¶ 17 (Peters refused to loosen the restraints because he stated he was "very busy"). Accordingly, Peters's motion for summary judgment must be denied.[7]

    c.    Qualified Immunity

Peters asserts that he is entitled to qualified immunity if Fulford-El has meritorious claims. ECF No. 18 at 9. Qualified immunity protects public officials "from liability for civil damages insofar as their conduct does not violate clearly established[8] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Summary judgment on qualified immunity grounds is "improper" if there is a

---

[7] Fulford-El will be granted 21 days from the date of the accompanying Order to move for appointment of counsel.

[8] Use of a bathroom to avoid degradation and humiliation is a clearly established constitutional right. *See, e.g.*, *Palmer*, 193 F.3d at 352 ("deprivation of basic elements of hygiene" represents "base, inhuman and barbaric" conditions of confinement which violate the Eighth Amendment); *Mitchell*, 245 F. Supp. 2d at 203–05 (claim by prisoner that he was forced to sit in his own waste for five hours stated a claim for an Eighth Amendment violation); *Masanoff v. DuBois*, 899 F. Supp. 782, 788 (D. Mass. 1995) (denial of "a sanitary place to dispose of one's bodily waste" violates the Eighth Amendment).

genuine dispute of material fact about a defendant's conduct. *Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992).[9] The factual dispute discussed in subsection b above precludes summary judgment. *See id.*

   3. The Missed Meal

Fulford-El asserts that his June 14, 2008 dinner was thrown away and never replaced. Fulford-El Decl. ¶ 7. "[M]iss[ing] one meal . . . does not rise to the level of a cognizable constitutional injury." *Palmer*, 193 F.3d at 352 (*citing Estelle*, 429 U.S. at 104). Fulford-El has not alleged that missing the meal harmed him. *Craig v. Watson*, No. 7:10-CV-00199, 2010 WL 4225948, at *2 (W.D. Va. Oct. 25, 2010). The "denial of a single meal on one occasion fails to state a constitutional claim for relief." *Id.*

 C. Fulford-El's Motion for Appearance in Court

Fulford-El moves to "appear[] in Court to demonstrate [and] show the use of restraints." ECF No. 23. He seeks to show that the restraints: (1) "limit movement"; (2) cause "pain, loss of circulation[,] numbness of limbs[,] and nerve damage"; and (3) make it "impossible to use the bathroom in any humane ma[nn]er." *Id.*

As Fulford-El's appearance in court would not aid the decisional process, his motion will be denied.

---

[9] *See, e.g.*, *Rainey*, 973 F.2d at 324 (summary judgment inappropriate because "[r]esolution of [the Eighth Amendment claim] depend[ed] entirely on a credibility determination between" an inmate and prison guard).

8

III.	Conclusion

For the reasons stated above, Wolfe's motion to dismiss will be granted; Peters's motion for summary judgment and Fulford-El's motion for appearance in court will be denied.


November 10, 2010                                              _____/s/_____
Date                                                                        William D. Quarles, Jr.
                                                                                United States District Judge